OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDITH CAMACHO, | § | |
|     Movant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-11-125 |
| | § | (CRIM. NO. B-10-539-1) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is Edith Camacho's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Docket No. 1). The United States has filed a response. (Docket No. 21). Camacho's motion should be denied for reasons explained below.

## BACKGROUND

On August 9, 2010, Camacho pleaded guilty, pursuant to a plea agreement, in the Southern District of Texas, to possession with intent to distribute less than 50 kilograms, that is approximately 35.80 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2. United States District Judge Hilda G. Tagle sentenced Camacho to a 30-month imprisonment term, a three-year supervised release term with supervision, a $100.00 special assessment, but no fine was imposed based on Camacho's inability to pay.

Camacho waived the right to appeal and to collaterally attack his sentence. (Crim. Docket No. 45 at 5, ¶ 11). Nevertheless, Camacho filed the present collateral attack on June 16, 2010. (Docket No. 1). The Government has filed a response in opposition. (Docket No. 21).

1

## ALLEGATIONS

Camacho brings forth two claims for the Court's review.  The first is that the Court committed sentencing guideline calculation errors in arriving at his advisory sentence to which Camacho's attorney made no objection.  The second is that his trial attorney failed to prefect an appeal on his behalf.  Camacho claims both deficiencies amount to constitutionally ineffective assistance of counsel.

## SECTION 2255 STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, there are four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose this sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of the collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional magnitude, Camacho must show that the error could not have been raised on direct appeal and would, if condemned, result in a complete miscarriage of justice.  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## I
## THE PRESENT MOTION'S TIMELINESS

The Court must determine whether it may properly consider the claims brought pursuant to a § 2255 motion before addressing the specific allegations within.  Title 28 U.S.C. § 2255 provides a one-year time limitation for filing a § 2255 motion.  The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United

2

>    States is removed, if the petitioner was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A conviction becomes final for a § 2255 purposes at the expiration of the direct appellate process. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005). The direct appellate process ends when a final judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Formal judgment was entered in Camacho's case on December 15, 2010. (Crim. Docket No. 54). Camacho did not file an appeal. When a federal prisoner fails to pursue the direct appeal process the conviction becomes final for purposes of § 2255 after the 14-day period for filing a direct appeal. *See* Fed. R. App. P. 4(b)(1)(A). Camacho's direct appellate process ended on January 3, 2011.

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), Camacho was required to file a § 2255 motion by January 3, 2012. Camacho's motion is therefore timely given that he filed it on June 16, 2011.

## II
## CAMACHO'S PLEA AGREEMENT

Federal courts conduct a two-step inquiry in determining whether collateral attack of a sentence is barred by a waiver provision in a plea agreement: (1) whether the waiver was known and voluntary; and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Under this test, Camacho waived his

rights to file a § 2255 motion collaterally attacking his sentence, and he may not escape the bargain to which he knowingly and voluntary agreed.

In his plea agreement dated August 9, 2010, Camacho waived his right to appeal and file a § 2255 motion. (Crim. Docket No. 45 at 4, ¶ 11). Paragraph 11 of the plea agreement states:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentenced imposed. The agreement agrees to waive the right to appeal the sentence imposed or the manner in which it has determined on **any grounds set for in Title 18 U.S.C. § 3742**. Additionally, the defendant is aware that Title 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become valid. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. § 2255**. . . .

Plea Agreement at 4 (emphasis in original). (Crim. Docket No. 45). If the record "clearly indicates that a defendant has read and understands his plea agreement ... the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). Specifically, in regard to appellate waivers, the Fifth Circuit has held that an informed and voluntary appellate waiver will be enforced. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). A district court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir.1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *James v. Cain*, 56 F3d at 666 (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

Camacho certified in writing that he had read and carefully reviewed every part of the plea agreement with his attorney and that he voluntary agreed to it.

4

Plea Agreement at 9. (Crim. Docket No. 45). Camacho knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. Evidence of his sworn statements in court clearly evince the nature of the constitutional protection he was waiving and the charges against him such that his plea is a valid admission of guilt. *See James v. Cain*, 56 F.3d at 666. Camacho's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 431 U.S. 63, 74 (1977). The Fifth Circuit affords great weight to a defendant's statement at the plea colloquy. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Only allegations in his Motion not covered by this waiver may be raised in this instant § 2255 Motion.

## III
## THE MERITS

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir.

5

1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Additionally, "an error by counsel, even if professional unreasonable, does not warrant the setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the constitution." *Id*. In order to establish that he sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (stating that a petitioner must show a reasonable probability that but for his appellate counsel's error, the outcome of his appeal would have been different).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy *both* prongs of the *Strickland* test, failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson,* 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*,

6

37 F.3d at 210. Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir.1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

Camacho's first claim is that three criminal history points were improperly applied to his advisory sentence pursuant to U.S.S.G. § 4A1.1(e) because at the time of Camacho's sentencing hearing that section was no longer a part of the United States Sentencing Guidelines. The Final Pre-Sentence Investigation Report ("the PSI") never suggests that Camacho's sentence should be enhanced pursuant to § 4A1.1(e). The only previous conviction that garnered Camacho an additional three criminal history points was his conviction for sexual assault of a child found in the paragraph 31 of the PSI. Camacho's sexual assault of a child, however, garnered three criminal history points pursuant to § 4A1.1(a) via § 4A1.2(e)(1), not § 4A1.1(e) as Camacho alleges. Camacho's challenge in this regard need go no further given that he is mistaken about the very facts from which this ineffective assistance of counsel claim allegedly arises. If Camacho's attorney would have objected to the employment of § 4A1.1(e), such a claim would have been completely meritless given that the PSI never mentions that section. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite").

Camacho next argues that his trial attorney was constitutionally ineffective by failing to file an appeal. When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel notwithstanding the Government's assertion of a valid appellate waiver. *United States v. Tapp*, 491 F.3d 263, 365-66 (5th Cir. 2007). Nevertheless, Camacho still has to be "able to demonstrate by a preponderance of the evidence that he requested

an appeal." *Ibid* at 266. The Court specifically gave Camacho the opportunity to so establish by appointing him an attorney and conducting an evidentiary hearing n October 6, 2011. (Docket No. 33). The Court has carefully weighed that evidence and finds that Camacho has not satisfied his burden. Any claim arising from Camacho's assertion that he requested—but was a denied—an appeal must establish that the initial request was made in the first place by a preponderance of the evidence. In the absence of such a showing, the Court has little choice but to recommend that the present claim also be denied.

## CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a Certificate of Appealability (CA), a movant may not appeal to the Fifth Circuit from a § 2255 motion. 28 U.S.C. § 2253(c)(1). A movant may receive a CA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To satisfy this standard, a movant must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that issues present are adequate to deserve encouragement to proceed further. *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Moreno v. Dretke*, 450 F.3d 158, 163 (5th Cir. 2006).

Although Camacho has not yet filed a notice of appeal, the Court may *sua sponte* rule on a CA because the district court that denies relief to a motion is in the best position to determine whether the movant has made a substantial showing of a denial of a constitutional right on this issues before the court. To further brief and argue the very issues on which the court has just ruled would be repetitious. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Camacho's motion the Court is confident that no outstanding issue would be debatable among jurists of reason. In the context of a CA, the Court finds that Camacho's claims fail to show that reasonable jurists would find that the issues presented are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. Although Camacho's motion raises important issues that the Court

has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, a CA should be denied. *Slack*, 529 U.S. at 484.

## RECOMMENDATION

The Court finds that Movant's motion should be DENIED, and the action should be DISMISSED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions and recommendation within (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Done at Brownsville, Texas, this 17th day of October 2011.

Felix Recio
United States Magistrate Judge